UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 06 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
   DEPUTY CLERK

| | |
|---|---|
| Tyler Keen, | ) |
|     *Plaintiff*, | ) |
| v. | ) Civil No. 5:15-cv-137-OLG |
| DXP Enterprises, Inc., | ) |
|     *Defendant*. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Partial Summary Judgment (docket no. 16). The Court has reviewed the motion, together with Defendant's Response (docket no. 20), Plaintiff's Reply (docket no. 21), and Defendant's Sur-Response[1] (docket no. 22-1). After reviewing the parties' arguments and the evidence submitted in support thereof, in light of the applicable law, the Court concludes that Plaintiff's motion should be GRANTED for the reasons set forth below.

## Background

Defendant DXP Enterprises (DXP) provides oilfield services, including well-site and safety services, to oil and gas companies operating in south Texas. Plaintiff Tyler Keen was employed with DXP as an "H2S Safety Supervisor" from September 2012 to April 2015. In this action, Keen alleges that DXP incorrectly classified him as exempt from the overtime pay requirements found in the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (FLSA), and as a result denied him overtime pay to which he is entitled. Defendant has argued, among other defenses, that it was not required to pay Plaintiff overtime because he fell within FLSA's

---

[1] Defendant's motion seeking leave to file a sur-response to Plaintiff's motion for partial summary judgment (docket no. 22) is hereby GRANTED.

exemption for administrative employees. 29 U.S.C. § 213. The parties' dispute about the applicability of the administrative exemption turns on the question of whether Plaintiff was paid on a "salary" basis within the meaning of the FLSA regulations. *See* 29 C.F.R. § 541.200(a)(1). Plaintiff has filed this partial motion for summary judgment to seek a ruling from the Court regarding whether Plaintiff fell within the administrative exemption during his employment with DXP.

The parties do not dispute that Plaintiff was paid under an arrangement where he received a day rate and a per diem for overseeing safety operations at oilfield well sites operated by DXP's customer companies, and a separate hourly rate for "shop hours and administrative work" at DXP's shop in Carrizo Springs, Texas. Docket nos. 16-2 at 2; 16-8 at 5-6, 8; 20 at 2-3, 5; 20-1 at 6, 23-27, 50. Initially, Plaintiff's day rate was $250 and his hourly rate for shop hours and administrative work was $15. Docket nos. 16 at 2; 16-1 at 2; 16-2 at 2. Plaintiff's day rate was later increased to $260, but in February 2015 it was reduced to $208 and Plaintiff's rate for shop hours and administrative work was reduced to $12 per hour. Docket no. 16-4 at 2. Throughout Plaintiff's employment with DXP, his per diem was $30. Docket nos. 16-2 at 2; 16-3 at 2; 16-4 at 2. Plaintiff testified at deposition that his daily shift for safety supervisor work was twelve hours, and that he most often alternated between working fourteen consecutive days and taking off seven consecutive days, although he occasionally worked as many as twenty-eight consecutive days. Docket nos. 20 at 3-4. Plaintiff also testified that he sometimes took days off even though he could have worked. Docket no. 20-1 at 14-15.

The parties also do not dispute that Plaintiff's pay varied considerably from week to week. DXP's payroll records reflect several biweekly pay periods during which Plaintiff was paid well in excess of $3000, as well as six pay periods during which he was paid less than

$910.[2] Docket no. 16-5 at 2-43. Additionally, Plaintiff has produced evidence that, during three pay periods for which he was paid more than $910, he was paid less than $450 for one of the weeks during that period. Docket no. 16 at 2-3.

In his partial summary judgment motion, Plaintiff argues that Defendant has not shown, and cannot show, that Plaintiff was paid on a salary basis within the meaning of the FLSA regulations, which is required to sustain its affirmative defense that Plaintiff fell within the administrative exemption. Defendant argues that its pay arrangement does fall within the definition of pay on a salary basis and that Plaintiff's work satisfied all other requirements of the administrative exemption.

## Legal Standards and Analysis

A summary judgment may be rendered as to an entire case or as to a claim, defense, or part of a claim or defense. Fed. R. Civ. P. 56(a) & advisory committee's note to 2010 amendments. Summary judgment is warranted if the moving party can establish that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law because the nonmoving party cannot meet its burden at trial. Fed. R. Civ. P. 56(c); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 327 (1986)). When considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmovant's favor. *Songer v. Dillon Res., Inc.*, 618 F.3d 467, 471 (5th Cir. 2010).

DXP bears the burden of proving that Plaintiff is ineligible for overtime compensation. To meet this burden, DXP must "prove facts by a preponderance of the evidence that show the

---

[2] The payroll records do not note the days or hours that Plaintiff worked during each pay period. However, "[t]he [salary] requirement [for the administrative exemption] will be met if the employee is compensated biweekly on a salary basis of $910[.]" 29 C.F.R. § 541.600(b).

exemption is 'plainly and unmistakably' applicable." *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 581 (5th Cir. 2013). In order to establish that he is entitled to summary judgment, Plaintiff must "demonstrate an absence of evidentiary support in the record" for Defendant's administrative exemption affirmative defense. *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010); *Johnson v. Manpower Prof'l Servs., Inc.*, 442 F. App'x 977, 980 (5th Cir. 2011) (applied in the FLSA context) (unpublished).

The FLSA requires employers to pay overtime to employees, but exempts from this requirement employees who occupy "bona fide executive, administrative, or professional" positions. 29 U.S.C. § 213(a)(1). The Secretary of Labor has exercised its "broad authority" to define and delimit the scope of the administrative exemption. The resulting regulations, codified at 29 C.F.R. § 541.100 *et seq.*, are "construed narrowly against the employer seeking to assert them." *Auer v. Robbins*, 519 U.S. 452, 456 (1997) (citing 29 U.S.C. § 213(a)(1)). The regulations provide that, to qualify as an exempt administrative employee, the employee must be "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week[,]" in addition to meeting certain requirements relating to the type of duties they perform. 29 C.F.R. § 541.200(a)(1). The regulations extensively define both "salary basis" and "fee basis." 29 C.F.R. §§ 541.600–541.606.

Both parties base their summary judgment arguments on the FLSA regulations' definition of "salary basis," which establishes a general rule that:

> An employee will be considered to be paid on a "salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. [Subject to exemptions] an exempt employee must receive the full

> salary for any week in which the employee performs any work without regard to the number of days or hours worked.

29 C.F.R. § 541.602(a). The regulation then goes on to describe a number of exceptions to this general rule, in which employers may take deductions from pay based on an employee's absences without running afoul of the salary basis requirement. 29 C.F.R. § 541.602(b).

Relying upon this definition, Plaintiff argues that his pay arrangement did not meet the salary basis requirement because he was not paid any predetermined amount on a weekly or less frequent basis. Rather, he was paid his day rate or hourly rate for time that he worked, whereas the regulation provides that salary pay "is not subject to reduction because of variations in the . . . quantity of the work performed" and that "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.602(a).

Defendant argues that its day rate pay arrangement meets the salary basis test because "Keen received a predetermined amount computed on a day rate basis that was not subject to reduction if he failed to work his expected 12 hour shift." Docket no. 20 at 11.[3] As an alternative argument, Defendant also relies upon a regulation that permits salary to be calculated on a day rate basis if "the employment arrangement also includes a guarantee of at least the minimum

---

[3] Defendant has produced records of a Department of Labor audit performed in 2009 of DXP personnel in New Mexico in which the Department's investigator concluded that DXP "safety supervisors" fell within the administrative exemption. What Defendant failed to mention, and Plaintiff pointed out, is that the safety supervisors in question were paid under a wholly different pay arrangement, which makes the DOL audit completely inapposite to the question of whether Plaintiff was paid on a "salary basis." Docket nos. 21-1 at 5-6; 21-2 at 4-5 (testimony of DXP human resources personnel that the safety supervisors covered by the 2009 DOL audit were not on a day rate basis, but were paid a predetermined biweekly amount that did not fluctuate, plus a "standby bonus."). The 2009 New Mexico DOL determination turned on a different question of whether the "safety supervisors" in question performed duties that met the requirements of 29 C.F.R. §§ 541.201–541.202. Even then, the DOL investigator's conclusion that the exemption applied was evidently a difficult one. Docket no. 20-1 at 54, 68 (noting that the DOL investigator "explained again what a gray area this was.").

weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned." 29 C.F.R. § 541.604(b). Defendant argues that it guaranteed Plaintiff pay of at least $455 per week as required by Section 541.604(b) because Plaintiff has only identified three weeks during which he was not paid more than $455. As to the first of those weeks, the week of February 23, 2013, Defendant argues that Plaintiff was not entitled to the guaranteed minimum salary basis amount because his only compensated activity was to attend a safety meeting for which "he was compensated on a non-exempt or hourly basis." Docket no. 20 at 11. As to the other two weeks, Defendant notes that Plaintiff only worked one shift during each of those weeks and argues that it is entitled to deduct the days that Plaintiff did not work from his pay for those weeks because "there is no evidence that Keen was available, ready, willing, and able to work during the remaining days of those workweeks[.]" 29 C.F.R. § 541.602(b)(1) ("Deductions from pay may be made when an exempt employee is absent from work for one or more full days for personal reasons, other than sickness or disability."). Defendant supports this argument with Plaintiff's deposition testimony that "there were times" during his employment when he "refused" to work even though work was available. Docket no. 20-1 at 14-15.

    The Court is not persuaded by Defendant's arguments. Defendant's primary argument, that it meets the general rule definition of salary basis found in Section 541.602(a) because it paid Plaintiff a predetermined amount for each day that he worked, is plainly inconsistent with that section's requirement that the predetermined amount correspond to a "weekly[] or less frequent basis," not a more frequent—i.e., daily—basis. 29 C.F.R. § 541.602(a). That argument also fails because the same section provides that the predetermined amount must "not [be] subject to reduction because of variations in the . . . quantity of the work performed" and that

"an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked[.]" *Id.* DXP's Vice President for Human Resources testified that H2S Safety Supervisors such as Plaintiff "get paid for the days they worked" and therefore, if an H2S Supervisor receiving a day rate of $250 worked only one day, he would be paid only $250 unless he also had accrued sick leave or paid time off. Docket no. 16-9 at 8. DXP's Vice President further testified that their work schedules were "customer driven" and "varied based on need." Docket no. 16-8 at 7; *but see* 29 C.F.R. § 541.602(a) ("An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business.").

    This testimony and other summary judgment evidence undermines Defendant's claim that it paid Plaintiff a predetermined amount for each week or longer period during which he worked and then deducted from that amount only as permitted by Section 541.602(b). Far from reflecting any predetermined amount on a weekly or less frequent basis, Plaintiff's payroll records show that he almost never received the same amount during more than one pay period, and show that his pay fluctuated substantially. For instance, during fifteen pay periods throughout his employment, Plaintiff received pay in excess of $3000, but during six pay periods over the same time frame he received less than $900. Docket no. 16-5 at 2-43. This evidence also undermines Defendant's argument that any improper deductions under such a scheme were "isolated" or "infrequent." Rather, this testimony plainly shows that, continuously and throughout his employment, Plaintiff was "paid for the days [he] worked"—the precise opposite of pay on a salary basis. Docket no. 16-9 at 8.

Defendant has also not shown that it is entitled to rely upon the exception to the general rule that permits deduction of days the employee does not work for personal reasons. 29 C.F.R. § 541.602(b)(1). Defendant has elicited Plaintiff's testimony that "there were times" when he refused to work even though work was available, although Plaintiff testified that it was "not very often" that he declined work. Docket no. 20-1 at 14-15. The testimony of DXP's corporate officers, however, is that H2S Safety Supervisors were paid for the time that they worked, and the time they worked was determined primarily by the needs of DXP's customers. Docket nos. 16-8 at 7, 16-9 at 8; *but see* 29 C.F.R. 541.602(a). Since this evidence shows that DXP's policy was to pay H2S Safety Supervisors based on the time they worked rather than on a salary basis, the administrative exemption does not apply and it is irrelevant whether Defendant might have been entitled to deduct from Plaintiff's "salary" if the exemption did apply. Even if the exemption did apply, however, this argument would fail. Since Defendant is seeking to invoke the administrative exemption as an affirmative defense, it bears the burden of showing that its deductions from Plaintiff's "salary" were permitted by the salary basis regulations. Defendant argues that summary judgment is improper because "there is no evidence that Keen was available, ready, willing, and able to work" on the days for which it did not pay him. This very argument that "there is no evidence" points to Defendant's failure to meet this burden, and underscores why summary judgment is appropriate on this issue.

Plaintiff's evidence also disproves Defendant's claim that its pay arrangement for Plaintiff satisfied the "minimum guarantee plus extra" test set forth at 29 C.F.R. § 541.604. That test provides that an employer may maintain the exempt status of an employee that it pays on an hourly, daily, or shift basis, provided that "the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis [i.e., $455 per

week] regardless of the number of hours, days or shifts worked[.]" 29 C.F.R. § 541.604(b). The deposition testimony of DXP's corporate officers flatly contradicted DXP's claim that H2S safety supervisors were guaranteed pay of at least $455 per week. Their testimony is clear that H2S safety supervisors "would get paid for the days they worked," and that if they only worked one day during the week, they would only be paid for one day. Docket nos. 16-8 at 7; 16-9 at 8, 10.

Defendant argues that it nonetheless meets the salary requirement because, with a few exceptions, Plaintiff actually received pay exceeding $455 for every week of his employment. Insofar as this argument pertains to Defendant's argument regarding Section 541.604, a claim that an employee actually was paid more than $455 each week is distinct from a showing that they were guaranteed to receive that amount. Furthermore, the record reveals several weeks for which Plaintiff was not paid $455 or more. As discussed above, Plaintiff's general testimony that sometimes, but not often, he took off days that he could have worked is inadequate to satisfy Defendant's burden to show that it was entitled to deduct each one of the days it deducted from Plaintiff's pay during those weeks. To the contrary, the summary judgment record shows that Plaintiff was not guaranteed pay of more than $455 per week; he did not actually receive pay of more than $455 for every week during that period; and there is a lack of evidence to show that Defendants' deductions from Plaintiff's "salary" for days that he did not work were permitted by the salary basis regulations.

Defendant has failed to show that it is entitled to the exemption, and Plaintiff has produced evidence, which Defendant has not rebutted, that affirmatively shows that Defendant did not pay Plaintiff on a salary basis and that the administrative exemption therefore does not apply. That sets this case apart from the *Akins* case, which Defendant relies upon heavily, where

the court found that the summary judgment was not proper because it was not beyond dispute that the pay arrangement in question met the requirements of Section 541.604(b). *Akins v. Worley Catastrophe Response, LLC*, No. CIV.A. 12-2401, 2013 WL 1907486, at *4 (E.D. La. May 8, 2013). Here, Defendant has not produced evidence that would create a genuine fact issue as to whether it paid Plaintiff on a salary basis. Rather, the testimony of Defendant's corporate officers shows that Plaintiff was not paid any predetermined amount on a weekly or less frequent basis, was not guaranteed pay in excess of $455 per week, and worked schedules that were set primarily by the needs of DXP's customers and was not paid for days that he did not work regardless of the reason for his absence. Docket nos. 16-8 at 7; 16-9 at 8, 10. Thus, the summary judgment record establishes that Defendant cannot show that it paid Plaintiff on a salary basis within the meaning of the FLSA regulations. *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) ("We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.") (emphasis omitted) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)). This showing is essential to Defendant's affirmative defense that Plaintiff fell within the administrative exception to the FLSA overtime requirement. Defendant's policy was a straightforward one: H2S Safety Supervisors worked when DXP's customers needed them, and they were paid for the time that they worked. This is a permissible pay arrangement, but it is not pay on a salary basis as is required to maintain the administrative exemption. It does not set any fixed amount for H2S Safety Supervisors to receive on a weekly or less frequent basis, does not guarantee them pay of $455 per week, and does not limit deductions from any predetermined weekly or less frequent periodic amount to employee absences for personal reasons or other deductions permitted by Section 541.602(b). Therefore,

the summary judgment record shows that Defendant is not entitled to rely upon that affirmative defense, and partial summary judgment in favor of Plaintiff is appropriate.

## Conclusion

It is therefore ORDERED that Plaintiff's motion for partial summary judgment is GRANTED.

IT IS SO ORDERED.

SIGNED this ____ day of June, 2016.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE