IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TYLER KEEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:15-CV-00137-OLG |
| | § | |
| DXP ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT DXP ENTERPRISES, INC.'S SUR-RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES Defendant DXP Enterprises, Inc. ("DXP") and files this its Sur-Response to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment and in support thereof respectfully shows the Court as follows:

In his Reply, Keen accuses DXP of putting forth nothing but "red herrings" in its Response, but in all candor, it is Keen who has lost sight of the facts. Those facts establish that for every week, save three (covering a period of over 2 years), Keen earned significantly in excess of the required $455 per workweek under the FLSA's salary basis test. Further, Keen put forth absolutely no evidence establishing that he was available for work on the remaining workdays for the weeks in question. As such, DXP was under no obligation to compensate Keen for full-day absences caused by his personal reasons. Moreover, while his offer letter may not have provided an express weekly minimum guarantee, the evidence clearly establishes that the day rate pay arrangement was standard in the industry and Keen admitted that he knew he would be compensated under a day rate arrangement prior to joining DXP, where as noted above, he made significantly more than $455 per week when available to work. Instead of focusing on these critical facts, Keen attempts to distort the intent and meaning behind the FLSA by focusing

on the absence of a few words in his offer letter in order to reach the implausible conclusion that he would have earned less than what is required by law and less than what he had been earning in his previous job. Such a tortured and ridiculous interpretation is not what Congress intended when it passed the FLSA.

WHEREFORE, Defendant DXP Enterprises, Inc. respectfully requests that the Court deny Plaintiff's Motion for Partial Summary Judgment. Defendant further requests such other and additional relief to which it is justly entitled.

          Respectfully submitted,

          NORTON ROSE FULBRIGHT US LLP

          By: */s/ Mario A. Barrera*
              Mario A. Barrera
              State Bar No. 01805915
              mario.barrera@nortonrosefulbright.com
              Stephen J. Romero
              State Bar No. 24046756
              stephen.romero@nortonrosefulbright.com
          300 Convent Street, Suite 2100
          San Antonio, Texas 78205
          Telephone: (210) 224-5575
          Telecopier: (210) 270-7205

          Attorneys for Defendant
          DXP Enterprises, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2016, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Michael V. Galo, Jr.
Galo Law Firm, P.C.
4230 Gardendale, Building 401
San Antonio, Texas 78229

/s/ *Mario A. Barrera*
Mario A. Barrera